**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Kenneth Rose,

    Petitioner,

        v.                                 Case No.  1:09cr047
                                              (1:14cv809)

United States of America,                       Judge Michael R. Barrett

    Respondent.

## OPINION & ORDER

This matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 125); Petitioner's Corrected Supplemental Memorandum (Doc. 130); and Petitioner's Amended Motion to Vacate under 28 U.S.C. § 2255. (Doc. 190). The United States filed a Response. (Doc. 134).

Also pending before the Court are Petitioner's first Motion to Expand the Record. (Doc. 184); Petitioner's second Motion to Expand the Record (Doc. 186); Petitioner's Motion to Take Judicial Notice (Doc. 187); Petitioner's Motion to Alter or Amend Judgment (Doc. 188); and Petitioner's Superceding Motion to Alter Judgment (Doc. 189).

**I.    BACKGROUND**

In the Superseding Indictment, Petitioner was charged with twenty-two counts of production of child pornography (18 U.S.C. § 2251(a)) and one count of possession of child pornography (18 U.S.C. § 2252(a)(4)). Petitioner entered a plea of guilty to three counts of the Superseding Indictment. Petitioner was sentenced to a total term of imprisonment of 612 months, to be followed by lifetime supervised release. (Doc. 106). Petitioner's plea agreement permitted him to appeal certain decisions by this Court. On

direct appeal, this Court was affirmed by the Sixth Circuit. *United States v. Rose*, 714 F.3d 362 (6th Cir. 2013). Petitioner's writ of certiorari was denied by the United States Supreme Court. *Rose v. United States*, 134 S.Ct. 272 (2013).

> The relevant facts of this case are set forth in the Sixth Circuit's opinion:
>
> In November 2008, the Personal Crimes Unit of the Cincinnati Police Department began investigating allegations that Kenneth Rose sexually abused three minors. When the police interviewed the minors, they said that Rose had sexually molested and/or raped them and that he had shown them pornographic images on a computer in his bedroom. As a result of the interviews, the police sought to obtain a search warrant for 709 Elberon Ave., Cincinnati, OH. The application for the search warrant asked for permission to search for computers and computer-related materials in support of an investigation under Ohio's rape statute, Ohio Rev.Code § 2907.02.
>
> The front page of the search warrant identified "Kenneth Rose" as the subject of the search, and immediately below Rose's name, it identified the location to be searched as "709 Elberon Av. [sic], Cincinnati, Hamilton County, Ohio 45205." The warrant described the physical attributes of the address, including that the name "Rose" appeared over the doorbell of apartment number one. Attached to the warrant was a photograph of the property taken from the Hamilton County Auditor's website. The supporting affidavit summarized the testimony of the three victims, including testimony that Rose had shown two of the victims pornographic images on a computer "located in his room" or "located in his bedroom." The third victim testified that he engaged in nonconsensual sexual activity with Rose beginning in July 2008. The affidavit explained that the police sought to obtain computers and related documentation.
>
> Nowhere in the affidavit did the affiant, Police Officer Chris Schroder, provide Rose's address. Nevertheless, the magistrate judge granted Officer Schroder's request for the search warrant.
>
> Police executed the warrant on November 12, 2008 and seized, among other items, a laptop computer. Forensic analysis of the computer revealed numerous images of child pornography, several of which included Rose engaged in sexual conduct with several male minors under the age of sixteen.

714 F.3d at 365.

## II. ANALYSIS

### A. Motions to Expand the Record

Rule 7 of the Rules Governing § 2255 Proceedings states that "[t]he materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record." 28 U.S.C.A. foll. § 2255. In his first Motion to Expand the Record (Doc. 184), Petitioner seeks to expand the record with his affidavit. This affidavit consists primarily of an annotated version of the affidavit for the search warrant for 709 Elberon Avenue. The Court finds Petitioner's first Motion to Expand well-taken and accordingly, the Motion is GRANTED.

Petitioner's second Motion to Expand the Record seeks to expand the record to include a letter dated December 20, 2017 from the student editors at Annual Review of Criminal Procedure. (Doc. 186). This letter does not predate the filing of Petitioner's petition. Therefore, second Motion to Expand the Record (Doc. 186) is DENIED.

### B. Petitioner's Motion to Take Judicial Notice

In his Motion to Take Judicial Notice, Petitioner seeks to have this Court take judicial notice of certain facts based on the exhibits attached to the Motion. (Doc. 187).

Federal Rule of Evidence 201 provides:

(b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201. The Court determines that the facts enumerated in Petitioner's Motion

do not fall in either category. Therefore, Petitioner's Motion to Take Judicial Notice is DENIED.

### C. Motion to Alter or Amend Judgment

In Petitioner's Motion to Alter or Amend Judgment (Doc. 188), Petitioner asks this Court to stay these proceedings to allow the Sixth Circuit to decide motions Petitioner has filed with in his direct appeal case: *U.S.A. v. Kenneth Rose*, No. 11-4313. As this Court has previously explained, on December 22, 2016, the Sixth Circuit denied Petitioner's Motion to Recall the Mandate. (Case No. 11-4313, Doc. 53-1). In subsequent letters from the Clerk for the Sixth Circuit Court of Appeals, Petitioner was advised that his case was closed and therefore the Clerk was returning motions tendered by Petitioner. (Case No. 11-4313, Docs. 54-2, 56-3). The Clerk explained that these motions were not being filed because his case was closed. Accordingly, the subsequent motions tendered by Petitioner were not filed by the Clerk. Therefore, there are no motions pending before the Sixth Circuit, and the Court finds no basis for ordering a stay of these proceedings. Accordingly, Petitioner's Motion to Alter or Amend Judgment (Doc. 188) is **DENIED**.

### D. Superceding Motion to Alter Judgment

In Petitioner's Superceding Motion to Alter or Amend Judgment (Doc. 189), Petitioner again asks this Court to stay these proceedings to allow the Sixth Circuit to decide motions Petitioner has filed with in his direct appeal case: *U.S.A. v. Kenneth Rose*, No. 11-4313. This Motion (Doc. 189) is DENIED for the same reasons the Court denied Petitioner's original Motion to Alter or Amend Judgment.

### E. Motion to Vacate under 28 U.S.C. § 2255

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967).

Petitioner identifies the following grounds for relief: (1) this Court improperly denied his motion to suppress; (2) this Court abused its discretion in refusing to reopen suppression hearing when presented with new evidence; (3) this Court erred in denying Petitioner's motion to dismiss the Superseding Indictment because his acts were wholly intrastate; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel.

Petitioner's first ground for relief is based on this Court's denial of Petitioner's motion to suppress. Petitioner argues that the search warrant affidavit for 709 Elberon Avenue was overbroad and lacked probable cause. Petitioner explains that the search warrant failed to establish probable cause to believe that evidence of the rape described in the warrant would be found on a computer in the apartment. Petitioner also argues that a reasonable officer would not rely on a facially invalid warrant affidavit.

The Sixth Circuit has recently summarized the good-faith exception to suppression as follows:

> "When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004) (en banc) (quoting *Illinois v. Krull*, 480 U.S. 340, 347, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987)). There is, however, "an exception to the exclusionary rule where 'the officer

5

> conducting the search acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate that subsequently is determined to be invalid.'" *United States v. Watson*, 498 F.3d 429, 431 (6th Cir. 2007) (quoting *Massachusetts v. Sheppard*, 468 U.S. 981, 987–88, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984)); *see also United States v. Leon*, 468 U.S. 897, 922–23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The good-faith exception, however, will not apply where "the affidavit is 'so lacking in [indicia of] probable cause as to render official belief in its existence entirely unreasonable'" or "where the officer's reliance on the warrant was neither in good faith nor objectively reasonable." *Frazier*, 423 F.3d at 533 (quoting *Leon*, 468 U.S. at 923, 104 S.Ct. 3405.)

*United States v. Jenkins*, No. 17-1377, 2018 WL 3559209, at *6 (6th Cir. July 24, 2018) (footnote omitted). In this case, the Sixth Circuit applied the same analysis and found that this Court did not err in denying Petitioner's motion to suppress. The Sixth Circuit explained:

> Taking into consideration everything within the four corners of the affidavit, the officer conducting the search of Rose's home exercised good faith and acted in objectively reasonable reliance on the warrant's legality. First, the affidavit showed that the case involved three victims who had spent time at Rose's home and provided detailed testimony about the activities that took place therein. Second, the affidavit related that the affiant was a detective in the Personal Crimes Unit and that he had been conducting an investigation into the victims' allegations. Viewing the evidence in the light most favorable to the government, it would be entirely reasonable to conclude that either the testimony of the three victims or the independent investigation by the detective, or both, revealed that Rose lived at 709 Elberon Ave.

714 F.3d at 369.

It is "well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir.1996); *Davis v. United States*, 417 U.S. 333, 345, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). Petitioner has not identified an intervening change in law or any other exceptional circumstances.

6

Therefore, Petitioner cannot relitigate his claim regarding the search warrant affidavit in this § 2255 proceeding. Petitioner is not entitled to relief based on his first ground for relief.

As to the second ground for relief, Petitioner argues that this Court abused its discretion in refusing to reopen the suppression hearing when the Court was presented with new evidence that the officer intended to mislead the magistrate into a finding of probable cause. The Sixth Circuit addressed this argument as part of Petitioner's direct appeal and ruled that Petitioner was not entitled to a suppression hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978):

> In support of his argument that he is entitled to a *Franks* hearing, Rose relies on videotaped interviews of the victims and Officer Schroder's unredacted notes, both of which Rose obtained after the district court ruled on his Motion to Suppress. Rose argues that the videotaped interviews and the notes reveal that the victims contradicted themselves over the course of several interviews and that there were inconsistencies among the victims' versions of the events that took place at Rose's residence. Nonetheless, Rose has not established that the statements in the affidavit are in fact false. The evidence seized from Rose's computer establishes that the substance of the allegations were true. Without a showing of falsity concerning the statements in the affidavit, Rose cannot make a substantial showing that the affiant provided statements in the affidavit that he knew to be false. Thus, the district court did not err in denying Rose's motion for a *Franks* hearing.

714 F.3d at 370. Therefore, this was an issue which was raised and considered on direct appeal. Petitioner has not identified an intervening change in law or any other exceptional circumstances. Therefore, Petitioner cannot relitigate his claim regarding the search warrant affidavit in this § 2255 proceeding. Petitioner is not entitled to relief based on his second ground for relief.

7

As to the third ground for relief, Petitioner argues that this Court erred in denying his motion to dismiss. Petitioner argues that the denial of his motion to dismiss violated the Commerce Clause because his activities were "wholly intrastate."

Relying on *United States v. Bowers*, 594 F.3d 522 (6th Cir. 2010), this Court ruled that "the government here has demonstrated that both the camera used to take the pictures and the computer on which they were found were made and shipped outside the State of Ohio." (Doc. 78, PAGEID# 234). The Sixth Circuit affirmed this Court's decision by stating their "decision in *Bowers* still controls the issue of the intrastate manufacture and possession of child pornography." 714 F.3d at 371. The Sixth Circuit explained further:

> The statute at issue in this case, 18 U.S.C. § 2251, does not force into commerce individuals who have refrained from commercial activity. Rose is not a passive bystander being forced into commerce, but he is actively engaged in an economic class of activities that has traditionally been regulated by Congress pursuant to its powers under the Commerce Clause.

*Id*. Petitioner has not identified an intervening change in law since the Sixth Circuit's decision, or any other exceptional circumstances. Therefore, Petitioner cannot relitigate his claim regarding the intrastate manufacture and possession of child pornography in this § 2255 proceeding. Petitioner is not entitled to relief based on his third ground for relief.

In his fourth ground for relief, Petitioner argues that his trial counsel was ineffective because he failed to inform Petitioner that he could be sentenced to consecutive sentences.

Claims of ineffective assistance of counsel are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a criminal

defendant must demonstrate both that his "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687–88, 694. However, as the Sixth Circuit has explained, this standard is adjusted for an ineffective assistance of counsel claim in the context of a guilty plea:

> In the context of guilty pleas, the first element, the "performance" aspect, of the *Strickland* test remains the same but the second element, the "prejudice" requirement, changes. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

*Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987).

The record in this case shows that Petitioner was informed on multiple occasions that he was subject to consecutive sentences. Paragraph one of the Plea Agreement—which was signed by Petitioner—states that "[t]he Court may elect to run each count consecutive (back to back)." (Doc. 79). This term was highlighted by the Assistant United States Attorney during the plea hearing. (Doc. 118, PAGEID# 613). The Court also advised Petitioner at the plea hearing that the sentence could be run consecutively:

> THE COURT: Okay. So it's 2251(a)(1), Production of Child Pornography. Each of those carries a term of imprisonment of not less than 15 and not more than 30. Do you understand that, Ken?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Now, here's the deal. Those sentences, depending on what happens, and we'll talk about the presentence investigation in a minute, they could be served concurrently, which means they could run at the same time, or, if it was appropriate, they could be served consecutively, which means back to back.

9

So it's a longer term of imprisonment possible than just the 15 to 30. Do you understand that?

THE DEFENDANT: Yes.

(Doc. 118, PAGEID# 607-608). Therefore, even if his trial counsel failed to inform Petitioner that he could be sentenced to consecutive sentences, the record illustrates that Petitioner knew that the sentences could be served consecutively. As such, Petitioner cannot show on this basis that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Petitioner also argues that had trial counsel properly developed the trial court record, Petitioner's motion to suppress would have been granted. Petitioner argues that counsel should have "presented and argued, with constitutional law and other experts, the critical nature of a warrant affidavit's inclusion of a dwellings address." (Doc. 130, PAGEID #677). As the Sixth Circuit explained, the issue in this case is that the affidavit failed to provide a connection between the evidence sought and the residence to be searched. However, the Sixth Circuit concluded that the officer "exercised good faith and acted in objectively reasonable reliance on the warrant's legality" in conducting the search. 714 F.3d at 369. The Sixth Circuit explained: (1) "the affidavit showed that the case involved three victims who had spent time at Rose's home and provided detailed testimony about the activities that took place therein;" and (2) "the affidavit related that the affiant was a detective in the Personal Crimes Unit and that he had been conducting an investigation into the victims' allegations." *Id.* The court concluded that based on this evidence "it would be entirely reasonable to conclude that either the testimony of the three victims or the independent investigation by the detective, or both, revealed that Rose lived at 709 Elberon Ave." *Id.* Petitioner has not explained how additional

investigation by counsel would have altered the conclusion that it was reasonable to rely on the testimony that crimes occurred in the defendant's home, or the detective's independent investigation which revealed that the defendant lived at the residence to be searched. The Sixth Circuit stated that there was "overwhelming evidence linking Rose and his residence to a crime and to the evidence sought in the search warrant." *Id*. Therefore, counsel was not ineffective for failing to conduct additional investigation.

Petitioner also argues that counsel should have presented other law which would have countered the Sixth Circuit's conclusion that the officer exercised good faith and acted in objectively reasonable reliance on the warrant's legality. Petitioner cites two cases, both which are readily distinguishable.

Petitioner first cites *United States v. Bautista*, No. 5:11-CR-42, 2012 WL 1014995 (W.D. Ky. Mar. 22, 2012). The search warrant affidavit in *Bautista* merely listed the address of the premises to be searched and included allegations from an informant that he had regularly purchased methamphetamine from the defendant at his home. *Id*. at *3. The court explained that there was no evidence linking the criminal activity to the address in the affidavit, and did not state that the defendant lived at that address. *Id*. Therefore, the court concluded that the good faith exception did not apply. *Id*.

Petitioner also cites *United States v. Rice*, 704 F. Supp. 2d 667 (E.D. Ky. 2010). The district court in *Rice* concluded that the officer's reliance on the affidavit was unreasonable because there was no evidence of why the residence to be searched was relevant. *Id*. at 670. The court explained that an officer "would have to first infer that the address was the defendant's and then infer that a person involved in illegal elk hunting would keep evidence in his home." *Id*.

However, in this case, as explained above, the Sixth Circuit found that the evidence linking Petitioner and his residence, and linking his residence to a crime, was "overwhelming." The issue of the good faith exception was raised, considered and finally decided by the Sixth Circuit on direct appeal. Petitioner cannot reargue it here under the guise of an ineffective assistance of counsel claim.

In his fifth ground for relief, Petitioner argues that appellate counsel was ineffective for failing to seek *en banc* review as part of his direct appeal after the Sixth Circuit erroneously held that *United States v. Watson*, 498 F.3d 429, 431 (6th Cir. 2007) does not require a search warrant or search warrant affidavit to include an address. The Sixth Circuit relied on *Watson* as follows:

> If an affidavit lacks probable cause, "[t]he Supreme Court has recognized an exception to the exclusionary rule where 'the officer conducting the search acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate....' " *United States v. Watson*, 498 F.3d 429, 431 (6th Cir. 2007) (quoting *Massachusetts v. Sheppard*, 468 U.S. 981, 987–88, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984)). This is known as the good-faith exception. *Id.*

714 F.3d 367.

In *Watson*, the warrant described the residence "in painstaking detail—listing, among other things, (1) its location; (2) its general size, shape, and orientation; and (3) the color of its exterior walls and trim, roof, shutters, garage door, and even mailbox." *Watson*, 498 F.3d at 432. The warrant also incorporated other documents: maps of the area, a tax-assessment printout, and photographs of the residence. *Id.* at 433. However, the warrant entirely omitted the address. *Id.* Despite this omission, the Sixth Circuit concluded that based on the warrant, the officers reasonably believed that they had authority to search the residence. *Id.* Therefore, any argument by appellate

12

counsel that under *Watson*, the good-faith exception does not apply when the warrant does not include an address would have been without merit.[1]

A defendant is entitled to effective assistance of counsel during his first appeal of right. *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)). Claims of ineffective assistance of appellate counsel are governed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hand v. Houk*, 871 F.3d 390, 410 (6th Cir. 2017). Appellate counsel's performance is neither deficient nor prejudicial where counsel fails to present a legal argument which would have been futile. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000); *see also United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) ("We reject Hanley's first allegation of ineffective assistance of counsel because Hanley's counsel may have wisely decided not to pursue suppression motions that would have likely been futile in view of the government's access to co-defendants' statements following their guilty pleas."). Therefore, Petitioner's appellate counsel was not ineffective for failing to raise the argument that the Sixth Circuit misapplied *Watson*.

Petitioner also maintains that appellate counsel was ineffective for failing to raise the significance of the evidence which he has presented in these Section 2255 proceedings. Petitioner has been permitted to present his affidavit dated June 13, 2015

---

[1]The Court notes that the search warrant affidavit in this case did include and address and described the place to be searched as follows:

> The building does not have the street address: however I have included a printout from the Hamilton County Auditors identifying the building as 709 Elberon Avenue. To the right of the front door are four doorbells. Over the doorbell assigned to apartment number one is the name "Rose", the last name of the suspect.

(Doc. 44-1).

(Doc. 141-1); and his affidavit dated March 22, 2018, which consists of an annotated copy of the search warrant affidavit (Doc. 184-1).[2] The Court notes that the information in these affidavits consists of information which was a part of the record in this case, along with legal arguments made by Petitioner.[3]

The failure of appellate counsel "to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir.2005) (citing *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Petitioner has not explained in any detail how the information in his affidavits would have changed the result of the appeal. Moreover, the Supreme Court has held that appointed counsel has no obligation "to raise every 'colorable' claim suggested by a client" and judges should not "second-guess reasonable professional judgments." *Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

Finally, Petitioner claims that appellate counsel was ineffective for failing to identify and raise issues of ineffective assistance of trial counsel. However, the Supreme Court has held that that "failure to raise an ineffective-assistance-of-counsel claim on direct

---

[2]These annotations are made by Petitioner and explain which parts of the affidavit he believes are false. Petitioner also identifies facts which he believes have been omitted and sets forth legal arguments which Petitioner believes are relevant to that part of the affidavit.

[3]However, some of the information and the arguments made by Petitioner are related to his state court proceedings.

appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003). Therefore, Petitioner's appellate counsel was not ineffective for failing to raise ineffective assistance of trial counsel as part of Petitioner's direct appeal.

### III. <u>**CONCLUSION**</u>

Pursuant to 28 U.S.C. § 2255(b), the Court determines that the instant motion and the files and records of this case, in conjunction with review of the files and record, conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Accord Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the law of the Sixth Circuit and the United States Supreme Court. Based on the foregoing, it is hereby **ORDERED** that:

1. Petitioner's Motion to Expand the Record (Doc. 184) is **GRANTED**;

2. Petitioner's Motion to Expand the Record (Doc. 186) is **DENIED**;

3. Petitioner's Motion to Take Judicial Notice. (Doc. 187) is **DENIED**;

4. Petitioner's Motion to Alter or Amend Judgment (Doc. 188) is **DENIED**;

5. Petitioner's Superceding Motion to Alter Judgment (Doc. 189) is **DENIED**;

6. Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 125) and Amended Motion to Vacate under 28 U.S.C. § 2255 (Doc. 190) are **DENIED**; and

7. Petitioner's habeas proceedings, 1:14-cv-00809-MRB, is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                         Michael R. Barrett
                                         United States District Judge