UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,　　　　　CRIMINAL CASE NO. 1:09-cr-047
　　　　　　　　　　　　　　　　　　CIVIL CASE NO. 1:14-cv-809

　　　　Plaintiff,　　　　　　　　　　Judge Michael R. Barrett

　　v.

KENNETH ROSE,

　　　　Defendant.

## ORDER

This matter is before the Court on Defendant's fifth[1] motion for appointment of counsel in the context of collateral proceedings (Doc. 194), his Motion to Disqualify (Doc. 195), and his Motion for Relief 60(b). (Doc. 206).

### I.　BACKGROUND

The Court incorporates by reference its prior case summary contained in its Opinion and Order dated September 6, 2018. (Doc. 191) (the "§ 2255 Order"). Among other things, this Order denied § 2255 relief on the following claims:

> (1) this Court improperly denied his motion to suppress; (2) this Court abused its discretion in refusing to reopen suppression hearing when presented with new evidence; (3) this Court erred in denying Petitioner's motion to dismiss the Superseding Indictment because his acts were wholly intrastate; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel.

---

[1] (*See also* Docs. 124, 127, 147, 167). Petitioner also filed two motions requesting assistance in obtaining volunteer counsel. (Docs. 132, 137). To the extent that the latter two motions sought the appointment of counsel, they were denied (Doc. 142)—as were the four previous motions for appointment (*See* Docs. 131, 178).

1

(*Id.* at PAGEID #: 1001). Defendant appealed the § 2255 Order,[2] which the Sixth Circuit construed as an application for a certificate of appealability ("COA") and denied. (Doc. 204). About two months after the § 2255 Order, and prior to the adjudication of that appeal, Defendant filed the pending motions to appoint and to disqualify. (Docs. 194, 195). Following the adjudication of that appeal, Defendant filed the pending Rule 60(b) motion for relief from the § 2255 Order exactly one year after its entry.[3]

## II. LAW AND ANALYSIS

### A. Motion to disqualify

The Court begins with whether this case must be assigned to another judge. Defendant cites 28 U.S.C. § 144 as the basis for the undersigned's disqualification, which reads:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. **It shall be accompanied by a certificate of counsel of record stating that it is made in good faith**.

*Id.* (emphasis added). Section 144 is strictly construed, including the requirement of a separate certificate of counsel of record stating that it is made in good faith. *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 353 (6th Cir. 2007). The fact that Defendant

---

[2] Defendant had already unsuccessfully appealed this Court's denial of his motion to suppress evidence, motion for a *Franks* hearing, and motion to dismiss the superseding indictment. (Doc. 119).

[3] Defendant's 60(b) motion was docketed September 9, 2019, but the Court gives him the benefit of the prison mailbox rule (*i.e.*, his September 6, 2019 certificate of service date). *See Williams v. Brewer*, Civil No. 4:17-11904, 2019 WL 2183129, *1 n. 1 (E.D. Mich. May 21, 2019).

2

is pro se does not necessarily negate the requirement. *See Hirschkop v. Virginia State Bar Ass'n*, 406 F. Supp. 721, 724–25 (E.D. Va. 1975) ("Though plaintiff is, himself, counsel of record, nevertheless no [certification of good faith] was made by plaintiff in either capacity.") (citing *Flegenheimer v. United States*, 110 F.2d 379 (3rd Cir. 1936); *Town of East Haven v. Eastern Airlines, Inc.*, 293 F. Supp. 184 (D. Conn. 1969); *Freed v. Inland Empire Ins. Co.*, 174 F. Supp. 458 (D. Utah 1959)). The Sixth Circuit has not weighed in on § 144 requirements in the event of a pro se litigant, though the insistence on strict construction in *Scott* suggests the requirement would not be excused. *Reed-Bey v. Pramstaller*, No. 06-10934, 2011 WL 37964, *1 (E.D. Mich. Jan. 5, 2011).

Even without deciding that issue, the information that Defendant has included in his affidavit is insufficient to warrant disqualification. He devotes five pages in his memorandum to legal arguments and exhibits related to the affidavit for the search warrant in his case—excessively treaded ground at this juncture, which will be discussed elsewhere in this order. But legal disagreements are wholly irrelevant here; alleged facts in connection with a § 144 motion "must relate to 'extrajudicial conduct rather than … judicial conduct.'" *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)) (internal quotation marks omitted). Put differently, the bias must arise from the judge's "'background and association and not from the judge's view of the law.'" *Id.* (quoting *Story*, 716 F.2d at 1090) (internal quotation marks omitted). There is no part of Defendant's affidavit that refers to extrajudicial conduct; it deals exclusively with prior legal and factual determinations made in the context of the proceedings. *See also Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (Recusal unwarranted where "[p]laintiffs base[d] their

3

allegations exclusively on the magistrate judge's orders and oral statements during proceedings related to this action.").

Though he does not invoke it, most of the cases Defendant cites deal with a different code section—28 U.S.C. § 455—that requires disqualification "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). *See, e.g., Liteky v. United States*, 510 U.S. 540, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); *In re Moody*, 755 F.3d 891 (11th Cir. 2014); *United States v. Adams*, 722 F.3d 788 (6th Cir. 2013); *In re United States*, 441 F.3d 44 (1st Cir. 2006); *Parham v. Johnson*, 7 F. Supp. 2d 595 (W.D. Pa. 1998). In this context, the Supreme Court has left open the possibility of disqualification arising solely from a judge's involvement with the proceedings. But the bar is high:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion **unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.** Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky*, 510 U.S. at 555 (emphasis added). The Sixth Circuit, applying *Litkey*, declined to find impartiality even where a judge's statements "amount[ed] to criticism and disapproval of defendants[.]" *Adams*, 722 F.3d at 838 (6th Cir. 2013). Defendant does not go even that far in his specific invocations of the undersigned in his affidavit—noting only that:

> 9. Judge Barrett erroneously claims "the search warrant ***affidavit***" (emphasis added) *included* and *described* "the place to be searched' . . . despite the fact the Affidavit/Application **absolutely does** not[.]
> 10. Judge Barrett does not acknowledge 'Fraud upon Court' (Doc. 190) as extraordinary circumstances, nor at all, despite it's (sic) impact on both trial and appellate proceedings.

4

(Doc. 195-1, PAGEID #: 1024). These allegations of bias or impartiality (if they can truly be characterized as such), along with the legal arguments forming the balance of Defendant's affidavit and motion, do not meet the threshold for disqualification under either § 144 or § 455. The motion will be denied.

### B. Motion for appointment of counsel

The Sixth Amendment right to appointed counsel "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). The appointment of counsel in the context of § 2255 is warranted only when "the interest of justice so requires." 18 U.S.C. § 3006(A)(a)(2)(B). (*See also* Docs. 131, 142, 178). In this iteration, Defendant's motion raises seven reasons why counsel should be appointed.

First, he argues that a fraud has been perpetrated upon the Court by Plaintiff. Review of the portions of the record that he cites in support[4] suggest that Defendant uses the word "fraud" to refer to unfavorable determinations by this Court. Relatedly, as his second reason, he cites "errors of fact and law" in the § 2255 Order that are, in fact, determinations of fact and law with which Defendant disagrees. Neither reason mandates the appointment of counsel under the 18 U.S.C. § 3006A standard. His third and fourth reasons relate to his ability to represent himself—the latter pertaining to obsessive compulsive disorder, in particular. This Court has already found that Petitioner is

---

[4] For arguments related to fraud, Defendant refers the Court to his motion to take judicial notice (Doc. 187) and his amended § 2255 motion (Doc. 190). In its § 2255 Order, the Court declined to judicially notice the alleged fraud, as the information contained in Defendant's motion was not suited to judicial notice under Fed. R. Evid. 201. (Doc. 191, PAGEID #: 999-1000). In any event, the substance of the motion challenges the legal sufficiency of the search warrant and affidavit. With respect to the amended § 2255 motion (Doc. 190), the Court believes that Defendant refers to restated challenges to the legal sufficiency of the search warrant and affidavit and his disagreement with facts pertaining to the search warrant and his plea. (Doc. 190). The contents of these filings do not demonstrate fraud.

5

sufficiently capable to represent himself and presents no additional information that would cause the Court to revise its assessment. (Doc. 131, PAGEID #: 683 ("Petitioner argues that his obsessive compulsive disorder make it difficult for him to articulate, frame and litigate his habeas claims. . . . Petitioner's filings to date demonstrate that he is able to frame the issues and sufficiently organize his arguments.")). Defendant's fifth and sixth reasons concern the Clerk's refusal to discount ECF copies and his appellant's counsel's failure to provide copies. Without any substantive reason for the appointment of counsel, these alleged issues of access to the record do not in and of themselves necessitate the appointment of counsel.

Defendant's seventh reason is a bare restatement of 18 U.S.C. § 3006A's language—that appointment is "in interests of justice." The Court is no more convinced of this than it was in any of Defendant's prior seven motions. The motion will be denied.

### C. Rule 60(b) motion

Defendant brings his third pending motion under Fed. R. Civ. P. 60(b)(6). The legal framework for reviewing a Rule 60(b) motion in collateral proceedings was set out in *In re Nailor*, 487 F.3d 1018 (6th Cir. 2007). In *Nailor*, the Court noted that Rule 11 of the Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts establishes that the Federal Rules of Civil Procedure apply in § 2255 proceedings; but according to Rule 12, only to the extent "not inconsistent with any statutory provisions or these rules." *Id.* at 1021 (internal quotation omitted). The *Nailor* court went on to frame the relevant inquiry as whether or not a 60(b) motion "raises a claim, defined . . . as 'as asserted federal basis for relief[.]'" *Id.* at 1022 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)). A motion that "'add[s] a new ground for relief'" or that "'attacks

6

the federal court's previous resolution of a claim *on the merits*'" is a motion that, in fact, seeks second or successive § 2255 relief and must clear additional procedural hurdles (*see* § 2255(h)) before receiving substantive review. *Id.* (citing *Gonzalez*, 545 U.S. at 532). By contrast, a motion that attacks "some defect in the integrity of the federal habeas proceedings" is properly brought pursuant to Rule 60(b). *Id.* (citing *Gonzalez*, 545 U.S. at 532).

### 1. Integrity of the proceedings

Defendant's Rule 60(b) motion cites seven enumerated reasons justifying relief from the § 2255 Order. (*See* Doc. 206, PAGEID #: 1079). First, he argues that the ruling on his § 2255 motion was premature because "6th Circuit oral arguments had not yet been reviewed due to technical issues at the Petitioner's place of confinement." (*Id.*). In support, he references his Superseding Motion to Alter or Amend (Doc. 189) this Court's order denying his motion to stay proceedings. (Doc. 185). But that order had informed Defendant that he did not have any matters pending before the Sixth Circuit and that there was accordingly no basis to stay its ruling on his § 2255 motion. The Court accordingly denied the Superseding Motion to Alter or Amend (Doc. 189) as part of its § 2255 Order. While this argument does not appear to raise a new claim or challenge the merits determination in the § 2255 Order, it does not warrant Rule 60(b) relief.

Defendant's second argument is that he could not review discs of oral arguments, as demonstrated by his prison librarian's affidavit. (Doc. 192). He does not connect why access to oral arguments (which arguments, he does not specify) justifies relief from the § 2255 Order. He also highlights general research difficulties referenced in the prison librarian's affidavit. This argument also does not present a second or successive

7

problem, but Defendant offers no legal basis for why research difficulties would justify 60(b)(6) relief. In other collateral contexts, "status as pro se or [] limited access to a law library" does not in and of itself warrant extraordinary relief. *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (discussing the showing required to justify equitable tolling of the § 2255(f) statute of limitations). The Court sees no evidence that Defendant suffered "injustice" or that its § 2255 ruling runs "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778, 197 L. Ed. 2d 1 (2017) (holding that Rule 60(b)(6) is available only in extraordinary circumstances) (internal quotation omitted).

The first two reasons advanced by Defendant supporting Rule 60(b) relief do not add new § 2255 claims or challenge the Court's merits determination of his original § 2255 claims. But they fail to establish any basis, extraordinary or otherwise, for relief from the § 2255 Order. The motion will be denied in part as to these two grounds.

### 2. New claims or challenges to merits determination of old claims

Defendant's remaining reasons for Rule 60(b) relief (three through seven) broadly contend that the Court "did not effectively reach the merits" because of "inadequate factfindings[,]" "overlooked critical material facts[,]" and "overlooked contentions." (Doc. 206, PAGEID #: 1079). He refers to his motions to disqualify and appoint, considered above, as well as prior motions to take judicial notice (Doc. 187), to alter or amend (Doc. 189), and to amend his § 2255 motion (Doc. 190) to support his contentions.[5] While couched in terms of the Court skirting the merits or being defrauded as to the underlying

---

[5] The pending motions contain various cross-references to themselves as well as to previously filed motions referenced therein.

8

factual basis for its decision, review of his motion and the referenced memoranda reveals that Defendant's remaining grounds seek to relitigate the merits of his § 2255 claims. Defendant is explicit in that regard as to his sixth and seventh reasons—simply inviting the Court to review previously made arguments (Doc. 190) and recycle them in the Rule 60(b) context. (Doc. 206, PAGEID #: 1079). His arguments here stand on a flawed premise: that in failing to understand the issues as characterized by Defendant (*i.e.*, as fraud), the Court did not actually reach the merits of his § 2255 motion.

Most of the arguments attack (again) this Court's decision on Defendant's motion to suppress. (*See, e.g.,* Doc. 195, PAGEID #: 1019 ("The underlying affidavit neither connects the searched residence to any illegal activity nor states that a person engaging in illegal activity away from the residence lives at the searched residence."), PAGEID #: 1023 ("In short, there is little question that the affidavit in this case was 'so lacking in probable cause as to render official belief in its existence entirely unreasonable.[']"), PAGEID #: 1024 (raising various alleged deficiencies on the face of the search warrant and affidavit); Doc. 206, PAGEID # 1083 (challenging the application of the good faith exception)). He also highlights two cases, *Mills v. City of Barbourville*, 389 F.3d 568 (6th Cir. 2004) and *Cline v. City of Mansfield*, 745 F. Supp. 2d 773 (N.D. Ohio 2010) on the topic of the legality of search warrants, which are thinly veiled repetitions of old § 2255 arguments and not a basis for relief from the § 2255 Order.

He also argues that the Court ignored his allegations of fraud and prosecutorial misconduct, but he did not raise either as a discrete claim to address. *See* Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 2(b). Defendant's amended § 2255 motion made only passing references to prosecutorial misconduct,

9

arguing that "graphic depictions" were used to "taint" the proceedings and "inflame-the-passions" to result in a conviction. (Doc. 190, PAGEID #:992). Other allegations that Defendant characterizes as fraud, which the Court allegedly ignored in its § 2255 Order, are actually disagreements with the Court's conclusion on suppression. (*See, e.g.*, Doc. 187, PAGEID #: 969 ("3) The search warrant affidavit/application . . . does not explicitly state 'where' . . . [Defendant lived or illegal activities occurred.]")). To the extent that any fraud or prosecutorial misconduct-like allegations were tied to a discrete § 2255 claim (abuse of discretion in refusing to reopen suppression issue based on new evidence), the § 2255 Order specifically considered allegations that an "officer intended to mislead the magistrate into a finding of probable cause." (Doc. 191, PAGEID #: 1003). What Defendant presents as a failure to reach the merits—a generous characterization, where fraud and prosecutorial misconduct were not raised as independent § 2255 claims—is in fact a failure to resolve the merits of the suppression motion to in Defendant's favor.

Finally, Defendant restates his ineffective assistance of counsel claim based on his alleged expectation of concurrent sentences. (Doc. 206, PAGEID #: 1083). But he makes no effort (that the Court can discern) to distinguish this as anything other than the same ineffective assistance claim that was already raised and adjudicated. (*See* Doc. 191, PAGEID #: 1005).

In sum, Defendant attempts to plead around a second or successive problem (*see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .")), but he does not raise genuine concern about the integrity of the § 2255 proceedings. Instead, Defendant's third through seventh reasons for Rule 60(b)(6) relief seek to relitigate the merits of his § 2255

motion (or perhaps assert new § 2255 claims related to fraud and prosecutorial misconduct). Successive habeas claims are subject to careful gatekeeping by the Sixth Circuit. *See Sterling v. O'Brien*, No. Civ.A. 05CV78HRW, 2005 WL 1657086, *3 (E.D. Ky. July 14, 2005) ("The [Antiterrorism and Effective Death Penalty Act] imposed several statutory restrictions on prisoners' ability to file relief under 28 U.S.C. § . . . 2255, including . . . the stringent requirement that a prisoner who has already filed an unsuccessful § 2255 motion . . . must receive pre-authorization from the appropriate circuit court."). Under 28 U.S.C.A. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A district court "lacks jurisdiction to entertain" a second or successive § 2255 motion without the Sixth Circuit's prior authorization. *Jackson v. United States*, No. 1:05-cr-182, 2015 WL 1737259, *3 (S.D. Ohio April 16, 2015). *See also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the court of appeals], the district court shall transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631."). *See also Albo v. United States*, 498 F. App'x 490, 495 (6th Cir. 2012) ("Since [defendant's] Rule 60(b) motion is a second or successive § 2255 motion, the district court should have transferred the case to [the court of appeals] for certification.") (citing *Sims*). The Court has no jurisdiction to adjudicate the second or successive § 2255 claims and must transfer the motion to the Sixth Circuit.

### 3. Miscellaneous issues

In addition to the seven enumerated reasons for 60(b) relief from the Court's § 2255 Order, Defendant's motion raises two other issues. First, in his memorandum (Doc. 206, PAGEID #: 1081), he requests a stay of the Court's decision on his Rule 60(b) motion pending resolution of motions before the Sixth Circuit. But the Sixth Circuit dismissed his most recent case, which sought to appeal this Court's denials of a COA and his motion to proceed in forma pauperis. (Sixth Cir. No. 19-3569, Doc. 7). There is nothing pending in Sixth Circuit case number 18-4109, which is his appeal of the § 2255 Order that the Sixth Circuit construed as an application for a COA. And as explained above in connection with Defendant's first Rule 60(b) ground, Defendant's most recent memoranda tendered in Sixth Circuit case number 11-4313 are not filed because his case had already been closed. (Sixth Cir. Case No. 11-4313, Doc. 56-3). In sum, there are no pending motions before the Sixth Circuit in any of his cases that warrant a stay of the Court's decision here.

Second, Defendant's argument section (Doc. 206, PAGEID #: 1082–84) starts and ends with challenges to this Court's denial of a COA as to its § 2255 Order, which the Court entered separately. (Doc. 200). Following that denial, the Sixth Circuit also declined to grant a COA. (Doc. 204). *Cf. Rose v. United States*, 2019 WL 4440441, *1 (6th Cir. 2019) ("[A]n order ruling on a [COA] is not appealable." (citation omitted)). Both this Court and the Sixth Circuit have determined that Defendant was not entitled to a COA. He seeks relief from the Court's COA order for the same reasons that he seeks relief from its § 2255 Order: disagreement with the Court's disposition of the merits of his claims. This is not a basis for Rule 60(b) relief.

### III. CONCLUSION

Defendant's Motion for Appointment of Counsel (Doc. 194) and Motion to Disqualify (Doc. 195) are hereby **DENIED**. Defendant's Rule 60(b)(6) motion (Doc. 206) is hereby **DENIED** as to Defendant's first and second enumerated grounds and the Court will not issue a COA. *See* Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 11(a); *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010). In the context of a Rule 60(b) motion, "a litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not '"deserve encouragement to proceed further."' *Buck*, 137 S. Ct. at 777 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (remaining quotation omitted). The Clerk is directed to **TRANSFER** Defendant's Rule 60(b) motion (Doc. 206), as to enumerated grounds three through seven, to the United States Court of Appeals for the Sixth Circuit as a second or successive petition pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A).

**IT IS SO ORDERED**.

*s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court